## STATE v. DAVIS.

[No. 2489. Jan. 8, 1921.]

### SYLLABUS BY THE COURT.

Intent to defraud is the gist of the offense under section 1, chapter 132, Laws 1919, where a check is given by a party on a bank which has no funds on deposit with which to pay it. It is not a violation of this section for one to give a check under such circumstances, where he does not obtain or attempt to obtain anything of value therefor; and a check so given in payment of a theretofore contracted account is not a violation of the statute.

Appeal from District Court, Lincoln County; C. R. Brice, Judge.

Levis S. Davis was charged with illegally drawing and uttering a check, and bound over to the grand jury, and he applies for a writ of habeas corpus. Petition discharged, and the State appeals. Affirmed.

O. O. ASKREN, Atty. Gen., and N. D. MEYER, Asst. Atty. Gen., for the State.

GEO. B. BARBER, and J. F. BONHAM, both of Carrizozo, for appellee.

. . OPINION OF THE COURT.

ROBERTS, C. J.   A criminal complaint was filed against petitioner in a justice of the peace court at Carrizozo, N. M., attempting to charge him with a violation of the provisions of section 1, chapter 132, Laws 1919, which in so far as material, read as follows:

"Any person who, with intent to defraud, shall make or draw or utter or deliver any check, draft, or order for the payment of money upon any bank or other depositary, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in or credit with such bank or other depositary for the payment of such check, although no express representation is made in reference thereto, shall be guilty of attempted larceny, and if money or property is obtained from another thereby is guilty of larceny and punishable accordingly, and upon conviction thereof shall be fined not more than five thousand dollars ($5,000.00) or imprisonment not more than five (5) years, or both.

"In the prosecution under this section as against the maker, or drawer thereof, the making, drawing, uttering or delivering of a check, draft or order ,payment of which is refused by the drawee because of lack of funds or credit, shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in or credit with such bank or other depositary unless such maker or drawer shall have paid the drawee thereof the amount due thereon, together with interest and protest fees, within ten days after receiving notice that such check, draft, or order, has not been paid by the drawee."

The justice of the peace, upon the hearing, bound petitioner over to await the action of the grand jury and fixed his bond at the sum of $500, in default of giving which he was remanded to the county jail of the said county.   Thereupon he filed this application for writ of habeas corpus with the district court of said county, and the case was heard by Hon. Charles R. Brice, judge of the Fifth judicial district, acting for Judge Mechem.

It was stipulated by the parties that the court should determine the case on its merits, brushing aside all technicalities.   The court discharged the petitioner, and the state appealed.

The facts are as follows:   Petitioner was indebted

to Riely & Lujan, merchants, doing business in Carrizozo, in the sum of $124.80, for goods furnished petitioner or his agent at his request—this without any understanding, save the general understanding that, of course, the account would be paid at the end of the month. The agent of petitioner, in purchasing goods for petitioner, gave signed orders for same. At the end of the month petitioner gave Reily & Lujan his check for $124.80, drawn on the First State Bank of Capitan, in payment of such account. The check was not paid, and it is agreed that there were no funds in the bank with which to pay the same.

The question is whether or not it is a violation of the section of the statute quoted for one to issue a check in payment of an outstanding account, credit not being given on the strength of the checks so issued. Clearly it is not a violation of the statute, because in such a case there can be no intent to defraud, which is the gist of the offense. A check so given in payment of the account does not pay the account until the check is paid, and as nothing of value is obtained in such a case, or could be obtained, there could be no such fraudulent intent.

A question is apparently made here for the first time to the effect that the surrender of the orders given by the agent was a consideration, and that by getting possession of these petitioner intended to defraud the payees named in the check. These orders, however, were only evidence of the account, which could be proved without them.

For the reasons stated, the judgment of the district court will be affirmed; and it is so ordered.

PARKER and RAYNOLDS, J. J., concur.