THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VICTOR HASTO, Appellant.

First Department, October 28, 1932.

*Jesse Perlmutter* of counsel [*N. Henry Lindenauer*, attorney], for the appellant.

*Irving J. Tell, Deputy Assistant District Attorney,* of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

MARTIN, J.   The information contains four counts, three of which were dismissed.   The defendant was convicted on the fourth count, which is alleged as follows: " The said defendant, on the day and in the year aforesaid, at the city and county aforesaid, with intent to defraud, unlawfully did make, draw, utter and deliver to the same person mentioned in the first count of this information, to which reference is hereby made, as the true owner of the property therein mentioned, a certain check, draft and order for the payment of money upon a bank and depositary, which said check, draft and order for the payment of money is the same as is hereinbefore set forth in the first count of this information, to which reference is hereby made as fully as if the same were herein set forth, knowing at the time of such making, drawing, uttering and delivering that the maker and drawer thereof had neither sufficient funds in nor credit with such bank and depositary for the payment thereof."

Briefly stated, the charge against the defendant is the issuing of a check for $500 on September 29, 1930, with intent to defraud the complaining witness.

On September 29, 1930, the defendant gave the complainant a check drawn on his account in the Bank of United States for $500.   At that time he did not have sufficient funds on deposit in his account to cover the check.   On the afternoon of that day he went to the Bank of United States with a bank cashier's check for the sum of $1,500 which he presented for deposit.   He was advised by a teller in the bank that his account was closed, or would be closed, and that the deposit of $1,500 could not be accepted and it was refused.   If this deposit had been accepted the check would have been good when presented.   The defendant thereupon went to the Irving Trust Company where he deposited the $1,500 check and the next day he offered to exchange another check for the one held by the complaining witness, which offer was refused.

The testimony of the defendant with respect to the attempt to deposit the $1,500 bank cashier's check in the Bank of United States was corroborated by the witness Paul Helregel, a teller in that bank, who admitted that he refused to accept the deposit. Murray L. Smith, a teller in the Irving Trust Company, was called as a witness by the defendant, but his testimony relating to the deposit by the defendant of the check for $1,500 in the Irving Trust Company on September 29, 1930, which would have corroborated the testimony of the defendant, was excluded by the court.

The defendant contends that the People have failed to establish an intent on his part to defraud the complainant and that the court committed error in excluding testimony offered on the question of intent to defraud.

Section 1292-a of the Penal Law (added by Laws of 1918, chap. 314, as amd. by Laws of 1927, chap. 678; since amd. by Laws of 1931, chap. 665) contains the following sentence: " Any person who, *with intent to defraud,* shall make or draw or utter or deliver any check * * * shall be guilty of a misdemeanor."

That section of the Penal Law has twice been construed by this court, and in each instance it has been held that the presumption referred to therein may be rebutted by showing that there was no intent to defraud.

In *People* v. *Humphries* (226 App. Div. 500) this court said: " The statute makes it a crime to issue a fraudulent check. One of the elements of this crime is intent. It is expressly provided that any person, who, *with intent to defraud,* shall make or draw or utter or deliver any check * * * shall be guilty of a misdemeanor. * * * The mere fact that a check was given and it was found that when the check was presented there were insufficient funds, is not sufficient to warrant a conviction where it is shown that there was no intent to defraud."

*People* v. *Roach* (231 App. Div. 622) fully covers the subject. In that case this court said: " This judgment should be reversed and the information dismissed, because the proof, while establishing *prima facie* an intent to defraud, under the statute, by showing the uttering of the check when funds were not on deposit in the depositary, was overcome and rebutted by the circumstances proven in the defense, which established, against the presumption, a lack of any intent to defraud by the issuance of the check."

We are also of the opinion that the court erred in excluding the evidence offered by the defendant's witness to show that a deposit was made in the Irving Trust Company of the money which the Bank of United States refused to accept as a deposit. This testimony would have aided in establishing the defense offered by the defendant in rebuttal of the presumption of intent to defraud, and would have shown that defendant had sufficient funds to cover the check.

The defendant, however, through his own testimony and that of his witness Helregel, offered sufficient evidence to overcome and rebut the presumption of fraud arising from the issuance of the check.

The People having failed to prove beyond a resonable doubt that the check in question was issued " with intent to defraud," the judgment should be reversed, the information dismissed, and the defendant discharged.

FINCH, P. J., MCAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed, the information dismissed and the defendant discharged.