THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH
NIBUR, Appellant.

First Department, May 12, 1933.

*Charles Kaplitt*, for the appellant.

*Irving J. Tell, Deputy Assistant District Attorney*, of counsel
[*Thomas C. T. Crain, District Attorney*], for the respondent.

O'MALLEY, J. The defendant has been convicted of issuing and
delivering a check with intent to defraud. (Penal Law, § 1292-a.)
This statute creates *prima facie* evidence of intent to defraud where
payment of a check delivered is refused " by the drawee because of
lack of funds." It is immaterial that the check may have been
delivered for payment of a past indebtedness, provided the fraudu-
lent intent exists. (*People* v. *Humphries*, 226 App. Div. 500.)

The presumption thus created is, of course, not conclusive, but
is rebuttable. The appeal here is predicated upon the claim that
the presumption was overcome and that the information should
have been dismissed. We are of opinion that the appeal is well
taken and must be sustained.

The check, which was for $175, was delivered on May 28, 1932.
It was given in settlement of an indebtedness in the sum of $280, to
recover which the complainant, prior thereto, had instituted suit.
The complainant's evidence tended to show that the check was
delivered without condition and in reliance by the payee that there

were sufficient funds in the drawer's bank. The defendant, on the other hand, gave evidence tending to show that the complainant was informed that the defendant was without sufficient funds and that the complainant agreed to hold the check until notified by the defendant that his account had been made good. He was corroborated in this by two witnesses who were present when the check was delivered. Complainant's version stood uncorroborated. His partner, who was present when the check was delivered, was not called as a witness.

The check was delivered on Saturday, May twenty-eighth. The following day was Sunday, and the day after a legal holiday, Decoration Day. The check was deposited on the twenty-eighth. Upon that day and upon the three days following the defendant had in his bank only the sum of $83.01 to his credit, but on Wednesday, June first, he had $202.76 to his credit.

Assuming that the triers of the fact were justified in believing that there was an unconditional delivery as contended for by the complainant, rather than a promise on his part to hold the check until he had heard from the defendant, we are, nevertheless, of the opinion that intent to defraud was not established beyond a reasonable doubt. Defendant's uncontradicted evidence was to the effect that immediately upon delivering the check he sought to collect funds from one of his debtors. He made such effort upon Saturday, the twenty-eighth, and again on Tuesday, the thirty-first. It is undisputed that this debtor owed money to the defendant and the defendant's claim that he made an effort to collect was corroborated by the debtor who owed the money. As already appears, his account was sufficient on Wednesday, June first, to meet the payment of the check.

In these circumstances, it seems to us that it may not be said that the defendant's intent to defraud was convincingly shown. Money was actually owing which he had reasonable ground to believe could be collected and deposited before the check would be presented on the following Tuesday. Because his debtor failed him, he was unable to make the deposit until one day later than anticipated. In these circumstances, we are of opinion that the presumption of intent to defraud was fully overcome.

It follows that the judgment should be reversed and the information dismissed.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Judgment reversed and the information dismissed.