The People of the State of New York, Respondent, *v.* Theodore O. Will, Appellant.

Argued December 4, 1942; decided January 14, 1943.

*Joseph Lonardo* for appellant. The refusal to charge as requested on intent to defraud, and the court's comment in so refusing, present reversible error. (*People* v. *Viscio,* 241 App. Div. 499; *People* v. *Odell,* 230 N. Y. 481; *People* v. *Helmer,* 154 N. Y. 596; *People ex rel. Hegeman* v. *Corrigan,* 195 N. Y. 1; *People* v. *Wiman,* 148

N. Y. 29; *People* v. *Barberi*, 149 N. Y. 256; *People* v. *Barone*, 161 N. Y. 451; *People* v. *Stiglin*, 238 App. Div. 407; *People* v. *Mungo*, 258 App. Div. 983; *People* v. *Faucetta*, 262 App. Div. 778.)

*Charles P. Sullivan, District Attorney* (*James F. T. Delaney* of counsel), for respondent. There was evidence to support the determination as to the appellant's guilt of the crime of which he has been convicted. (*People* v. *Boggiano*, 179 N. Y. 267; *People* v. *Ferraro*, 161 N. Y. 365; *People* v. *Ferrara*, 199 N. Y. 414; *People* v. *Seidenshner*, 210 N. Y. 341; *People* v. *Atlas*, 183 App. Div. 595; 230 N. Y. 629; *People* v. *Sugarman*, 248 N. Y. 255.) Neither the charge nor the refusals to charge present reversible error.

LEWIS, J. In connection with his purchase of a quantity of lumber the appellant gave to the seller a check upon a bank where payment thereof was refused because of insufficient funds to the appellant's credit. As a result of the transaction the defendant stands convicted of a violation of section 1292-a of the Penal Law and grand larceny, second degree.

The judgment of conviction has been affirmed unanimously at the Appellate Division. The present appeal is by permission of a member of this court.

The Legislature has defined a violation of section 1292-a as larceny and has made proof of " intent to defraud " an essential element of the crime (Penal Law, § 1292-a). Likewise proof of an intent to defraud is made an important element of the crime of grand larceny, second degree. (Penal Law, §§ 1290, 1296.)

Under section 1292-a, *id.*, it is also prescribed that —" In any prosecution under this section as against the * * * drawer thereof, the * * * drawing * * * of a check * * * payment of which is refused by the drawee because of lack of funds * * *, shall be *prima facie* evidence of intent to defraud and of knowledge of insufficient funds in or credit with such bank * * *." However, the presumption — arising from a *prima facie* case — thus created by statute, is not conclusive. It is rebuttable and remains only so long as there is no substantial evidence to the contrary. (*Potts* v. *Pardee,* 220 N. Y. 431, 433; *Matter of Magna* v. *Hegeman Harris Co.*, 258 N. Y. 82, 84.)

Upon the trial herein the prosecution made the statutory *prima facie* proof of the defendant's " intent to defraud " by offering evidence which established that in payment for a quantity of lumber the defendant issued a check which was dishonored by the drawee bank because of lack of funds. However, the presumption of the defendant's " intent to defraud " was rebutted when competent evidence was introduced by the defendant which, if believed, was proof that, with knowledge that there were insufficient funds in the drawee bank to meet the check, the seller agreed to hold the check for thirty days. There thus arose upon the trial an issue of fact which had an important bearing upon the defendant's guilt under the statute. That issue was whether, when the defendant delivered to the seller a check drawn upon a bank in which he had insufficient funds to meet its payment, the defendant acted with " intent to defraud." Upon this decisive branch of the proof the trial justice in his main charge stated to the jury: " Now, then, the statute, as to where the young man is accused of issuing a fraudulent check is as follows:

" ' Any person who with intent '— you notice again a mental condition is contemplated, with the intent or purpose, it is not a playful act, it is an intentional act —' to deprive someone else of money or property,'— there is a definite line of cleavage between an intentional act to defraud or a playful act, and these are not playful acts. It says, ' any person who with intent to defraud shall make or draw or utter '— and the word ' utter ' here is used to mean to issue — to utter is to put in circulation, start in action, start it on its way through, so I will read it again:

" ' Any person who shall with intent to defraud shall make or draw or utter or deliver any check, draft or order for the payment of money, either in his own behalf or in behalf of any other person as an agent or representative of another or as an officer or agent of a corporation or purporting to be such agent, representative or officer, upon any bank or other depositary, knowing at the time of such making, drawing, uttering or delivery,' you notice the disjunctive ' or,' all these need not be necessary — ' knowing at the time of such making, drawing, uttering or delivery that the maker or drawer has not sufficient funds in or credit with such bank or depositary for the payment of such check, although no express

representation is made in reference thereto '— the mere issuing and handing over of the check, although you say nothing about it, no representation is made thereby — ' violates this section, and if any money or property is obtained from another thereby, is guilty of larceny.'

" ' Grand larceny in the second degree is the appropriating, taking,' stealing the property of another the value of which is over $100 and less than $500 in any manner whatsoever. Larceny is just another name for stealing. Larceny is the taking of another man's property with a view of depriving him of it and appropriating it to your own use and benefit, stealing.

" Now, there is the law as it exists."

Following the main charge counsel for the defendant addressed to the court three requests, — the last two of which and the rulings thereupon were as follows:

" Mr. Giorgio [counsel for defendant]: I ask your Honor to charge the jury that if the jury believes there was no intention to defraud they must acquit.

" The Court: I have charged an intent. If this was just a little playful pastime, all right; but it is for you to determine whether it was an intent to defraud or just a boyish prank.

" Mr. Giorgio: I ask your Honor to charge that the mere issuance of a check when there is insufficient funds to pay the same is not a violation of the law, unless there was an intention to defraud.

" The Court: I have read the law very distinctly to the jury. I have read the law as it is and not the way you put it. I have read it right out of the statute books to the jury, *and it does not agree with your statement of the law.*

" Mr. Giorgio: May I have an exception?

" The Court: Yes, surely. You may retire, ladies and gentlemen." (Emphasis supplied.)

We think the exception to the court's ruling upon the last request was well taken. The request itself was in language which embodied a correct statement of the law governing the jury's consideration of a decisive issue of fact in the case. But in ruling upon the request the court employed language which the members of the jury may well have construed as an instruction that the request, as framed by defendant's counsel, was not a correct statement of the law

applicable to their problem. The prosecution was required to establish that the defendant drew the check in question with intent to defraud the seller. (Penal Law, § 1292-a; *People* v. *Weiss*, 263 N. Y. 537, 538; *People* v. *Olans*, 264 N. Y. 420; and see *People* v. *Humphries*, 226 App. Div. 500, 503; *People* v. *Roach*, 231 App. Div. 622; *People* v. *Hasto*, 236 App. Div. 533, 535; *People* v. *Nibur*, 238 App. Div. 233.) In a case which presented such a close question of fact on an element of proof which was essential to a finding of the defendant's guilt, we cannot say that the jury were not misled to the defendant's prejudice by the ruling now challenged.

The judgments should be reversed and a new trial ordered.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.