## JOHN B. COLIN V. THE STATE.

No. 21999.  Delivered February 10, 1943.

The opinion states the case.

*Parker & Powell,* of Brownwood, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is under what is usually referred to as the "hot check" law, punishment assessed being a fine of $100.00.

Our State's Attorney, the Hon. Spurgeon Bell, has furnished us with the following brief, which so accurately reflects our views that same is adopted as the opinion of the court.

### "BRIEF FOR THE STATE.

"The appellant was charged by complaint and information in the County Court of Brown County with having given a check to O. L. Dillingham, doing business as Banner Creameries, when he did not have sufficient funds in the bank to cover said check. The check was in the amount of fifteen dollars and was given on the 18th of March, 1941. It was alleged that the check was given in payment of an account incurred for the purchase of dairy products and ice cream. Otherwise expressed, it was given to pay a pre-existing debt. (Tr. 2-5).

"The evidence showed that the appellant had a weekly credit rating with the Banner Creamery Company, which was owned and operated by O. L. Dillingham. A Mr. Spurrier presented a statement of appellant's account to appellant and the appellant issued the check that is the subject of this prosecution. Mr. Spurrier testified that he had been back to see appellant a number of times about making the check good but the check had not been paid nor had offer been made by the appellant to pay it. The evidence negatives that appellant received any merchandise or other thing of value, such as money, at the time the check was given. The appellant testified that he gave the check to Spurrier and told him that he did not have enough money in the bank to pay it. The appellant testified that he had agreed with Dillingham to pay the account weekly. He stated that he gave the check to Spurrier in spite of the fact that he had no money in the bank to cover same because Spurrier told him that he would have to either have money or a check. He stated that Spurrier further told him that it would be several days before the check cleared through the bank and that the appellant could put money in the bank by the time the check cleared. All of this was denied by the State.

"Appellant raises only one question. He contends that *section 2 of article 567b of the Penal Code* is invalid because it violates *Article 1, section 18 of the Texas Constitution*, which forbids an imprisonment for debt. The basis of this contention is that the check was given for a pre-existing indebtedness, that the debt is not discharged by the giving of a bad check, and that the effect of prosecuting one under such circumstances is to imprison him for debt. It will be noted that section 2 of Article 567b

provides, in part, that it shall be unlawful for any person *'with intent to defraud,* to pay for any goods, service, labor or other thing of value *theretofore received* by giving or drawing any check * * *if such person does not have at the time * * * sufficient funds in the bank * * *.' The State takes the position that this does not violate Article 1, section 18 because it is not the non-payment of the debt which is punished but it is the fraudulent act. The statute requires that there be a fraudulent intent. This being true, it is the fraud which is punished. Hollis v. State, 108 S. E. 783 (Ga.) ; People v. Kahn (Cal.), 182 Pac. 803; State v. Pilling (Wash.) 102 Pac. 230; People v. Williams (Cal.), 230 Pac. 667; Burnam v. Commonwealth (Ky.), 15 S. W. (2d) 256; Ward v. Commonwealth (Ky.), 15 S. W. (2d) 276.

"The question next arising is as to whether or not the evidence establishes an intent to defraud where the only thing in evidence is that the check was given for a pre-existing indebtedness. In construing statutes of this nature the courts of various states are in conflict. Some cases hold that a set of circumstances may be presented in which it is shown that, even though the check was given for a pre-existing indebtedness, there may be shown an intent to defraud by reason of the presence of accompanying facts. Other cases hold *as a matter of law* that where the only thing that the evidence shows is that the check was given for a pre-existing indebtedness there is no intent to defraud. Other cases hold, as a matter of law, that an intent to defraud is shown, though the check was given for a pre-existing indebtedness.

"In the case of State v. Lowenstein, 142 N. E. 897, 35 A. L. R. 361, the Supreme Court of Ohio held that an intent to defraud could be shown to be present even though the check were given for a pre-existing indebtedness, depending upon all of the facts accompanying the transaction. In the particular case the statute construed was not exactly the same as section 2 of Article 567b, but we think that there is no substantial difference because the statute made it a crime to draw a check where the funds in the bank were insufficient and there was by such act an intent to defraud. In other words, there was no requirement in the statute, as is true in many cases, that the check be given in order to obtain something of value. Under the facts of this case a Mrs. McCarthy had been employed to make dresses for Lowenstein. At the end of a week's work Lowenstein gave her and other employees a check to cover their wages. Mrs. McCarty continued to work for Lowenstein and the check was returned by the bank for insufficient funds. Lowenstein told her that he would make the check good. She continued to work for him. When this statement was made by the prosecuting attorney the trial court dis-

missed the complaint. This action was reversed by the supreme court and the supreme court held that in any case it was a question of fact as to whether or not an intent to defraud was present. There is an annotation to this case at page 375 (35 A. L. R.). The annotation covers this particular point, beginning at page 387.

"In the case of Berry v. State, 111 S. E. 669, 35 A. L. R. 370, the Supreme Court of Georgia held, as a matter of law, that where the check was given for a pre-existing indebtedness there was no intent to defraud. It appears in the case that a man named Watts had loaned the appellant forty-eight dollars and some time thereafter Berry gave him a check to repay the loan and the check was returned because appellant had no account at the bank. The statute was the same as the Ohio statute and required that there be an intent to defraud. The court stated that the gravamen of the offense was the intent to defraud, and that there could be no intent to defraud where the check was given for an antecedent debt. The court said that the defendant did not obtain from the payee any money, property or other thing of value and did not deprive him of any right. The acceptance of the check did not amount to a novation of the original contract. The purpose of the defendant in giving the check was only to escape continued duns from his creditors and get a temporary respite therefrom.

"This view is supported by the case of State v. Davis (New Mexico), 194 Pac. 882; Commonwealth v. Hammock (Ky.), 250 S. W. 85.

"In the case of People v. Khan, 182 Pac. 803, the District Court of Appeals for the State of California held, as a matter of law, that an intent to defraud was present, even though the only evidence established that the check was given for a pre-existing debt. This view is supported by the case of People v. Williams (California), 230 Pac. 667; State v. Meeks (Ariz.), 247 Pac. 1099; People v. Humphries, 234 N. Y. Supplement 688, and People v. Niebur, 264 N. Y. Supplement 148. Additional annotations covering these points will be found in 23 A. L. R. 453; 22 American Jurisprudence, secs. 63, 66 and 71; 43 A. L. R. 49; 76 A. L. R. 1226; 95 A. L. R. 500.

"We have been unable to find any authorities in Texas which would prove helpful. The State feels that probably the Ohio case correctly represents the law. There may be facts accompanying the payment of a pre-existing debt which would evidence an intent to defraud, but the mere fact that an account was paid by a

bad check does not show an intent to defraud. We think a jury would be warranted in finding an intent to defraud under the circumstances shown in the Lowenstein case from Ohio. There might also be present in the evidence an intent on the part of a defendant to give a check for an account, thereby leading the creditor to think that his account was settled and cause him to thereby extend further credit to an accused. We do not mean to say credit would have actually to be extended but there would be some evidence of an intent on the part of an accused to obtain further credit. Too, it might be shown that the check was given by the accused in order to obtain a receipt evidencing the payment of his account. It is not necessary that anything be actually obtained before the offense is made out. Article 1548, Penal Code.

"Under the facts of this case it would seem that there was no intent to defraud shown because the evidence merely shows that the check was given for a pre-existing indebtedness. This would be sufficient under some of the cases cited, but under those which appear to be supported by the better reasoning the evidence is insufficient.

"The evidence is probably insufficient to show a presentation of the check to the bank. Presentation is alleged in the complaint and information. The evidence shows that the check was deposited in the ordinary course of business, and was returned marked 'Insufficient Funds.' In the light of the decision of the Court in the case of M. F. Mayes v. State, not yet reported, (Page 295 of this volume) the State could not rely upon the statutory presumption for the proof of presentation. Where presentation is alleged it must, of course be proven.

> "Respectfully submitted,
>
> "Spurgeon Bell
>
> "State's Attorney."

For the reasons stated in the foregoing brief the judgment cannot stand. It is not to be understood that we are holding that under no circumstances could the statute be violated by giving a bad check for a pre-existing debt. Facts might be present which would show an intent to defraud in giving such a check, but no such facts are here present.

The judgment is reversed and the cause remanded.