ROBERT HUTSON V. STATE.

No. 24709. March 15, 1950.

*Oscar B. Jones,* Longview, for appellant.

*R. L. Whitehead,* Criminal District Attorney, *Paul Painter,* Assistant Criminal District Attorney, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was prosecuted for violation of Art. 567b, Vernon's Ann. P. C., sometimes referred to as the "Hot Check Law," the complaint and information alleging that appellant "unlawfully and with intent to defraud" did give a check in the sum of $3.15 in payment for "service of the value of $3.15 theretofore received" by appellant.

Upon a trial before the court, a jury being waived, appellant was found guilty and his punishment was assessed at a fine of $50.

Appellant filed a motion to quash the complaint and information, which motion was overruled.

It is appellant's contention that the service alleged to have been fraudulently secured was not sufficiently described so as to be identified and distinguished from other "service" of like kind, or to show the amount of such service alleged to have been fraudulently secured.

Appellant cites the cases of White v. State, 149 Tex. Cr. R. 218, 193 S. W. 2d 218; Trigg v. State, 117 Tex. Cr. R. 536, 34 S. W. 2d 878; Howk v. State, 138 Tex. Cr. R. 275, 135 S. W. 2d 719; Luce v. State, 88 Tex. Cr. R. 46, 224 S. W. 1095; and Perry v. State, 141 Tex. Cr. R. 291, 148 S. W. 2d 412, as supporting his contention.

In each of the cases cited, the gist of the offense was the fraudulent acquisition of property, and the question before the court was as to the sufficiency of the description of the property alleged to have been so acquired.

The charge against appellant was evidently drawn under Section 2 of Art. 567b, Vernon's Ann. P. C., and does not attempt to charge that any service was secured fraudulently by the giving of the check.

The gist of the offense under Sec. 2 of Art. 567b, as charged, is the giving of a check with intent to defraud in payment of a pre-existing debt.

Under such charge, it is not essential that the service or goods for which the debt was theretofore incurred be described with the certainty required in a charge of the fraudulent acquisition of service or property.

The motion to quash was therefore properly overruled.

The evidence, however, is not sufficient to sustain the conviction.

There is no evidence tending to show that the check was given with intent to defraud. Nor is it shown that the service had been "theretofore received" by appellant, as charged in the complaint and information.

It is not shown that appellant obtained possession of property, or receipt, or that he was granted further credit by the giving of the check. It is merely shown that he gave the check "in payment of such amount for cleaning and pressing services," and that the check was not paid, the account at the bank being closed.

The mere giving of a "hot check" in payment of a pre-existing debt is not sufficient, there must be some character of proof

otherwise that the check was given with intent to defraud. See Colin v. State, 145 Tex. Cr. R. 371, 168 S. W. 2d 500.

For insufficiency of the proof, the judgment is reversed and the cause remanded.

Opinion approved by the court.