WILLIE KUYKENDALL V. STATE.

No. 24952. November 8, 1950.

*Denver E. Perkins,* Gonzales, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Sec. 2 of Art. 567b, Vernon's P. C., is that section of the so-called hot check law which makes unlawful the giving of a worthless check, with intent to defraud, in payment of a pre-existing debt.

This conviction is under that statute; the punishment, five years in the penitentiary.

Among other things, this statute makes it unlawful for any person, with intent to defraud, to pay a pre-existing debt by the giving or drawing of a draft without, at the time, having sufficient funds with the drawee of the draft to pay the same and all other checks and drafts outstanding against such funds. This statute is valid when the check or draft is given with an "intent to defraud." Colin v. State, 145 Tex. Cr. R. 371, 168 S. W. 2d 500; Hutson v. State, 154 Texas Crim. Rep. 380, 227 S. W. 2d 813.

The sufficiency of the indictment is challenged.

The indictment charged, in effect, that appellant, with intent to defraud, gave to Adams a draft for $6,143.16, drawn by appellant against himself and payable through the Peoples State Bank of Halletsville in payment for sixty-seven head of cattle which Adams had theretofore sold to appellant. It was alleged that the draft was presented to the bank for payment and that payment was refused for the want of sufficient funds, and that at the time the check was given, appellant did not have sufficient funds with said bank to pay the draft and all other checks, drafts, and orders outstanding.

The defect in these allegations lies in the fact that the draft which was set out in full in the indictment shows, upon its face, that it was not a check or draft against any fund which the appellant had on deposit with the bank. To the contrary, it was a sight draft drawn by appellant against himself. The draft was drawn through but not against the bank or any fund which

appellant might have had with said bank. It constituted either a promissory note to Adams or a bill of exchange, at Adams' option. Art. 5940, Sec. 130, R. C. S.

It is apparent, therefore, that the allegations that the draft was presented to the bank for payment and payment was refused by the bank are entirely immaterial, for the draft was not drawn against the bank. Consequently, the indictment contains no allegations that the draft was presented to appellant, the drawee thereof, and that payment was refused.

The draft, having been drawn by appellant, as drawer, against himself, as drawee, constituted a violation of the statute mentioned only when the appellant (drawee) did not have funds with which to pay it. It was necessary, therefore, in order to allege a violation of the statute under such circumstances that the indictment negative such fact.

The conclusion is reached that the indictment is fatally defective and fails to charge the constituent elements necessary to constitute a violation of the statute mentioned.

It is insisted that the facts fail to show that the draft was given with "intent to defraud" and are, therefore, insufficient to support the conviction.

The question thus presented is not free from difficulty, but, inasmuch as we have reached the conclusion that the indictment is defective, it will not be determined.

The judgment is reversed and prosecution ordered dismissed.

Opinion approved by the court.