## R. E. BRADSHAW V. STATE.

No. 24982. November 15, 1950.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 10, 1951.

*Alvin R. Allison* and *Earl R. Allison,* Levelland, for appellant.

*E. W. Boedeker,* County Attorney, Levelland, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged with a violation of the hot check law, and upon his conviction, he was awarded a penalty of seven months in the county jail.

The facts show that on January 25, 1950, appellant purchased $1.00 worth of gasoline from S. A. Lambert at his filling station at Pettit, a town near Levelland, in Hockley County. Appellant executed a check in writing for the sum of $6.00 payable to Lambert, thus paying for the gasoline and receiving in return for said check the further sum of $5.00 in cash. This check was drawn on the First National Bank of Levelland, Texas, at which bank Mr. Lambert deposited his money. Upon presentation of this check at such bank by Mr. Lambert, he was refused payment thereon, the cashier thereof informing him that appellant had no funds therein and no account there.

It seems that prior to the above-outlined transaction appellant had previously, on another date, made a purchase from Mr. Lambert and given a check therefor, but at such previous time he told Lambert that he (appellant) was going by to see one, Mr. Johnson, and that if Johnson paid him, appellant would

then take up such check in the afternoon; that appellant came back and presented a $50.00 check made by Johnson; that Lambert cashed this check, taking out the amount of appellant's check given to Lambert that morning and giving the remainder to appellant.

It seems to be the appellant's contention that because Lambert had not been finally swindled in this first transaction, that he knew or should have known that the present check was not drawn on sufficient funds. Lambert did say that after he had taken such last check in good faith, he later began to think about the matter and decided to take this check to the bank the next day, when he was informed at the bank that appellant had no account there nor any funds therein. We are not impressed with the idea that such after-acquired doubt would evidence a lack of reliance that is carried with the presentation to Lambert of the check signed by appellant and for which he received the personal property mentioned. The testimony is clear that at the time Lambert took this check, he thought the same was good, but he later began to doubt its value, and then, "well, I just figured from his reputation that the check wasn't any good. I didn't think much about his reputation when I took the check. * * * I had faith in the check or I wouldn't have taken the check. I thought the fellow knew what he was doing."

We are cited by appellant to the case of Colin v. State, 145 Tex. Cr. R. 371, 168 S. W. (2d) 500. That case related to the payment of a pre-existing debt upon which each week's purchase of dairy products were supposed to be paid for after their delivery through the preceding week. It was held that the intent to defraud was not shown at the time the goods were thus received. Therefore, that case is not in point here.

Bill of Exceptions No. 2 complains because it is alleged therein that such check had never been properly presented to the bank upon which it was drawn. This is not borne out by the testimony. It is shown that Lambert personally took the check to such bank and that payment was refused by the bank on account of insufficient funds.

The trial court was correct in refusing appellant's requested instructions to acquit the appellant.

Bill No. 5 complains of the argument of the county attorney in which it is alleged that he said:

"If there were not evidence on all the elements of this offense then the directed verdict would be in order."

This statement was strenuously objected to by appellant's attorneys. The court qualifies the bill by saying that such remark upon the part of the county attorney was in answer to the argument of defense counsel when he said: "The County Attorney knows that the evidence is insufficient to sustain a conviction." However, the careful trial court did instruct the jury not to consider that portion of the county attorney's argument for any purpose. As explained, the court's instruction should have cured the error, if any.

No error being shown, the judgment will be affirmed.