Edwin BAILEY, Appellant (Defendant below),

v.

The STATE of Wyoming, Appellee (Plaintiff below).

No. 3441.

Supreme Court of Wyoming.

Nov. 30, 1965.

H. S. Harnsberger, Jr., Lander, for appellant.

John F. Raper, Atty. Gen., and Lawrence E. Johnson, Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Edwin Bailey was charged with issuing a no-account check for seventy dollars in violation of § 6–39, W.S.1957, which reads in part, "Whoever, with intent to defraud by obtaining money, merchandise, property, credit, or other thing of value * * * or who, in the payment of any obligation, shall make, draw, utter or deliver any check * * * knowing at the time of such making * * * that * * * [he] has not sufficient funds * * * shall be guilty of a felony * * *." Defendant waived a jury, and on trial by the court was found guilty, was sentenced, and has appealed.

The facts developed show that for some time defendant ate at the Frontier Cafe, ran up a bill of approximately seventy dollars, and on October 5, 1964, issued the seventy-dollar check in question, for which he was given the charge tickets, the only record the cafe had of the amount owed. The check was not postdated, and at the time of issuance the defendant had no money in the bank.

The sole argument presented by the defendant on appeal is that there can be no conviction for the execution and delivery of a no-account check in the "payment" of a past due indebtedness since the "payment" does not occur until the check is honored at the bank and therefore nothing has been lost and the gravamen of the offense is absent.

We think the argument of the defendant is misconceived, being based solely upon three authorities, first, a statement in 40 Am.Jur. Payment, § 72; second, a statement in Annotation, 59 A.L.R.2d 1159, 1161; and third, a case cited in the last-mentioned annotation, State v. Davis, 26 N.M. 523, 194 P. 882. An examination of these authorities shows that none relate to a statute such as that of Wyoming's which provides specifically for a no-account check issued "in the payment of any obligation."

Section 6–39 in its original form, c. 143, S.L. of Wyoming, 1909, did not provide that the issuance of a worthless check "in the payment of any obligation" was a crime, but the legislature in 1919 added that phrase, and this wording has continued until the present time. The effect of such a change is noted in State v. Hack, Mo.App., 284 S.W. 842.

Affirmed.