Dwayne GAINES, Appellant,

v.

The STATE of Texas, Appellee.

No. 44040.

Court of Criminal Appeals of Texas.

July. 14, 1971.

Fred P. Turner, Port Lavaca, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

The record reflects that appellant pled guilty to felony theft on May 12, 1969; was placed on probation for eight (8) years. Among the conditions of probation was the following:

1. Commit no offense against the laws of this State or any other state or of the United States of America.

There were numerous other conditions as in Hall v. State, Tex.Cr.App., 452 S.W.2d 490, but since we decide this appeal on this first condition, they will not be discussed.

■ Appellant's first ground of error is the failure to grant his Motion for a Continuance for the hearing on the Motion to Revoke. It appears that the appellant's first Motion for a Continuance was granted and no written second motion appears in the record. Cf. Arts. 29.03 and 29.07, Vernon's Ann.C.C.P. Furthermore, appellant has in no way shown that he was harmed by the Court's failure to grant the motion.

■ The Motion to Revoke contained an allegation that petitioner had violated condition No. 1 by knowingly giving a check without sufficient funds on or about January 7, 1970. The witness Grantland testified that, as parts manager for the Marshall Pontiac-Buick Company in Victoria, he received from appellant a check in the sum of $7.84 for repair work. Appellant contends that, as he had previously given a worthless check to that company and restitution had not been made on that check, Grantland could not have accepted this check in good faith. Grantland testified that he accepted the check in good faith. In addition, we find the following:

"THE COURT: Mr. Grantland, this has nothing at all to do with this case, but can you tell me why Marshall Chevrolet Company would take a check like this when there was still an outstanding check in the amount of eighteen dollars and eleven cents owing?

"MR. GRANTLAND: Just never occurred to me that it was the same man—

"THE COURT: All right. You are excused.

"MR. GRANTLAND: —till after he left."

From the testimony quoted above, it appears that the trial court considered appellant's argument, also advanced during the hearing, and rejected it after he had personally questioned Grantland. Compare Bradshaw v. State, 155 Tex.Cr.R. 345, 235 S.W.2d 148.

Finding no abuse of the trial court's discretion, the judgment is affirmed.

ONION, P. J., not participating.