**Cynthia E. ESQUIVEL, Petitioner,**

v.

**Patricia R. WATSON and Kristi Watson d/b/a Watson Management, Respondents.**

No. D–1734.

Supreme Court of Texas.

Jan. 22, 1992.

Rehearing Overruled March 4, 1992.

Charles J. Paternostro, G. Wayne Jackson, Dallas, for petitioner.

M. Steve Nagle, Craig D. Nyhus, Robert R. Roby, Dallas, for respondents.

PER CURIAM.

This case presents the issue of whether a person's admission that there were insufficient funds to cover a check when written defeats the "without probable cause" element of a malicious prosecution action in the absence of proof of delivery of the check with intent to defraud. Cynthia Esquivel (Esquivel) and her two daughters rented a house managed by the Watson Management Company (WMC). After having fallen behind in her rent Esquivel wrote WMC a check for past due rent. At the time Esquivel wrote the check she knew that her account did not have sufficient funds to allow the check to clear. She anticipated, however, that her employer would deposit funds into her account the day she wrote the check so that the check would not be returned for insufficient funds (NSF). Esquivel did not deliver the check to WMC until that evening, believing that her employer had deposited sufficient funds into her account to prevent the check from being returned NSF.

Soon after Esquivel delivered the check to WMC her bank informed her that there were insufficient funds on deposit for the check to clear. Esquivel notified WMC whose manager, Sandra Pitts (Pitts) told her to bring WMC a cashiers' check for the amount of the check plus a fee imposed by WMC for returned checks to remedy the problem. Esquivel followed Pitts's instructions and tendered a cashiers' check for the

proper amount in a night deposit box at WMC's office.

As anticipated, Esquivel's bank returned her check marked NSF to WMC. WMC kept the check despite Esquivel's repeated requests for its return. Pitts told Esquivel that WMC would use the cashiers' check to give Esquivel a credit for future rent but would not credit her past due account until the NSF check was replaced with sufficient funds. Notwithstanding Pitts's assurances, when Esquivel paid another month's rent WMC credited that amount to future rent as well, leaving Esquivel's account past due.

WMC then filed a criminal complaint against Esquivel for issuing a hot check. Esquivel was later notified that a warrant had been issued for her arrest based on WMC's complaint. A few weeks later WMC released a "hold" they had placed on the warrant, resulting in Esquivel's arrest. The district attorney prosecuting Esquivel's case dismissed it on her own motion.

Thereafter, Esquivel brought this suit seeking damages for malicious prosecution. When Esquivel rested her case in chief the trial court granted all defendants' motion for directed verdict. However, the court later granted Esquivel's motion for new trial. Subsequently, Esquivel amended her petition, adding claims of false imprisonment, negligent infliction of emotional trauma, abuse of process, and deceptive trade practices. WMC thereafter moved for summary judgment. The trial court granted WMC summary judgment as to Esquivel's cause of action for malicious prosecution but denied summary judgment as to Esquivel's other claims.

At the ensuing jury trial the trial court granted a directed verdict for the defendants on all causes of action except abuse of process. Subsequently the jury returned findings favorable to Esquivel, including actual damages of $30,000 and exemplary damages of $170,000. The trial

court, however, granted WMC's motion for judgment non obstante veredicto and rendered a take-nothing judgment against Esquivel. Esquivel appealed.

The court of appeals affirmed the trial court's judgment on all grounds. It held that Esquivel's statement that she knew when she *wrote* the check to WMC that her account did not have sufficient funds to cover the check was tantamount to an admission that she *issued* a hot check.[1] Thus, the court held that WMC had probable cause to instigate criminal proceedings against Esquivel and affirmed the trial court's dismissal of Esquivel's malicious prosecution and abuse of process causes of action.

The term "issuance" as used in the context of Penal Code § 32.41, however, requires *delivery* of a check with the knowledge that there are insufficient funds to cover it. See *Delta County Levee Improvement Dist. No. 2 v. Leonard*, 516 S.W.2d 911, 913 (Tex.1974), *cert. denied*, 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 46 (1975); *Carpenter v. Probst*, 247 S.W.2d 460, 461 (Tex.Civ.App.—San Antonio 1952, writ ref'd) (an "issuance" contemplates an unconditional delivery); see also *Hutson v. State*, 154 Tex.Crim. 380, 227 S.W.2d 813, 813 (1950) ("The gist of the offense under Sec. 2 of Art. 567b, [now Tex.Penal Code § 32.41] as charged, is the giving of a check with intent to defraud in payment of a preexisting debt"). Esquivel's admission in this case was not that she "issued" an insufficient funds check, but only that when she wrote it she knew that it was not covered by sufficient funds.

When viewed against our well known standards for reviewing summary judgments and judgments non obstante veredicto it is apparent that the court of appeals judgment cannot stand. *Nixon v. Mr. Property Management Co.*, 690

---

1. The court made this finding on the basis of the definition of the word "issuance" in § 32.41 of the Texas Penal Code:

   (a) A person commits an offense if he issues or passes a check or similar sight order for the payment of money knowing that the issuer does not have sufficient funds in or on deposit with the bank or other drawee for the payment in full of the check or order as well as all other checks or orders outstanding at the time of issuance.

   Tex.Penal Code § 32.41.

S.W.2d 546, 548–49 (Tex.1985) (summary judgment); *Exxon Corp. v. Quinn*, 726 S.W.2d 17, 19 (Tex.1987) (judgments non obstante veredicto). Esquivel's admission that she knew when she wrote the check in question that she did not have sufficient funds to cover it does not amount to an admission that she committed a criminal offense: a violation of § 32.41 Texas Penal Code. The testimony reflects that although Esquivel knew at the time she wrote her check that it would not clear, she believed that her employer had deposited sufficient funds to cover the check when she deposited it into WMC's night depository. This testimony therefore provides some evidence from which the jury could conclude that the complaint filed against Esquivel was not supported by probable cause. As such, the basis upon which the court of appeals affirmed the trial court's judgment as to Esquivel's causes of action for malicious prosecution and abuse of process fails.

WMC has raised a number of alternative grounds for affirmance which were not reached by the court of appeals, including a challenge to the factual sufficiency of the evidence. Pursuant to TEX.R.APP.P. 170 a majority of the court reverses the judgment of the court of appeals without hearing oral argument and remands the case to that court for a consideration of the remaining points of error in a manner not inconsistent with this opinion.