## D. L. MATHEWS v. THE STATE.

### No. 1897. Decided November 2, 1898.

#### Motion for Rehearing Decided December 14, 1898.

**1. Theft of Cattle—Indictment—Meaningless Word—Surplusage.**

Where an indictment for theft of cattle described the animal as "on cattle," instead of "one cattle," Held, on motion in arrest of judgment, that the word "on" could be rejected as surplusage, and this indictment was good for the theft of "cattle." But see infra, paragraph 4.

**2. Circumstantial Evidence—Confession—Charge.**

Where the evidence adduced on the trial shows a confession by defendant, the case is not one of circumstantial evidence, and the court is not required to charge upon circumstantial evidence.

**3. Corpus Delicti—Confession—Charge.**

On a trial for theft of cattle where, in addition to defendant's confession, the evidence tended strongly to show that the animal was stolen and to connect the defendant with the theft, the court did not err in failing or refusing to charge the jury, that they could not convict the defendant alone upon his confession without other proof of the corpus delicti. It is not proper for the court to give such a charge where the corpus delicti does not depend alone upon a confession.

ON MOTION FOR REHEARING.

**4. Theft of Cattle—Indictment Must Specify Number.**

An indictment for theft of cattle is wholly insufficient which fails to specify the number of cattle stolen. The use of the term "cattle" alone is not sufficient.

APPEAL from the District Court of Tarrant. Tried below before Hon. W. D. HARRIS.

Appeal from a conviction for theft of cattle; penalty, three years imprisonment in the penitentiary.

By inadvertence of the pleader, the indictment described the property alleged to have been stolen as "on cattle," instead of "one cattle." Defendant made a motion in arrest of judgment, "because the indictment fails to charge any offense against the laws of the State of Texas, and fails to allege the theft of any specific property from any person." This motion was overruled.

In view of the disposition finally made of the appeal on rehearing, a further statement is unnecessary.

*O. S. Lattimore* and *James S. Davis,* for appellant.—An indictment for theft, to be sufficient, should describe the property taken by name, kind, quantity, and ownership. Code Crim. Proc., art. 427. No presumption is indulged in favor of an indictment, and nothing can be supplied by intendment; and, in construing it, everything is taken most strongly against the pleader. Evans v. State, 34 Texas Crim. Rep.. 110; Jones v. State, 25 Texas Crim. App., 621; Dougherty v. State, 30 Texas, 360; Boyle v. State, 37 Texas, 359; Williams v. State, 12 Texas Crim. App., 395; Huntsman v. State, 12 Texas Crim. App., 619.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of cattle, and his punishment assessed at confinement in the penitentiary for a term of three years; hence this appeal.

Appellant made no motion to quash the indictment. In the motion for a new trial, however, as one of the grounds of his motion he says that the indictment fails to charge any offense against the laws of the State of Texas, and fails to allege theft of any specific property from any person. Appellant assigns as error the action of the court in failing to arrest the judgment, and the specific ground pointed out is that in the charging part of the indictment the word "on," and not "one," is used between the words "Bradbury" and "cattle," so that the indictment reads that the defendant "did unlawfully and fraudulently take from the possession of M. A. Bradbury on cattle, the same being the corporeal personal property of the said M. A. Bradbury," etc. He insists that the use of the word "on" is not idem sonans with "one," nor equivalent to or substantially the same word, and that, therefore, the indictment is meaningless. We can not tell therefrom how many cattle, and the expression "on cattle" does not describe any property. It has been repeatedly held by this court that it is not competent to supply a material word in the indictment. See Scroggins v. State, 36 Texas Crim. Rep., 117. And it has been held that where a word is used in the indictment that is not idem sonans with the proper word, does not mean the same thing, or has no meaning, and is a material word, the indictment in such case can not be held good. Evans v. State, 34 Texas Crim. Rep., 110. But it has been held that, where an indictment will be complete by the rejection of a word or a phrase, the same may be rejected as surplusage, and the indictment sustained. Williams v. State, 35 Texas Crim. Rep., 391. Now, if we hold that the word "on" can not be pronounced as "one," as was evidently intended by the pleader, yet we may reject the same as surplusage, and the indictment will be good. Then it would read, defendant did then and there "unlawfully and fraudulently take from the possession of M. A. Bradbury cattle," etc. "Cattle," according to the Century Dictionary, is a noun, and may be either singular or plural; so that the use of the term "cattle" may mean one cattle. It is true that "cattle" means "live stock; domestic quadrupeds which serve for tillage or other labor, or as food for man,"—and so includes a number of different kinds of live stock. The term "neat cattle" more appropriately describes kine, or animals of the bovine species; yet in common usage, in our country, "cattle" has come to mean more particularly animals of the bovine species. We accordingly hold that the indictment was good as against a motion in arrest of judgment. We would not be understood by any means as commending the negligence of the county attorney, yet it is not such as will authorize the quashal of the indictment.

Appellant complains because the court failed to give a charge on cir-

cumstantial evidence; insisting that this is a case of purely circumstantial evidence, and that consequently the court erred in not giving such a charge. It has been repeatedly held by this court that, where the evidence shows a confession by defendant, the case is no longer one of circumstantial evidence. The evidence shows that appellant, if the State's witness Jim Keys is to be believed, confessed to him the theft of the head of cattle.

Appellant also claims that the court committed an error in not instructing the jury that they could not convict the defendant on a confession alone, without other proof of the corpus delicti. If the corpus delicti depended alone on confessions, it would have been proper for the court to have instructed the jury to return a verdict for the defendant. But, in view of the fact that the corpus delicti did not depend alone on confessions, it was not proper for the court to give such a charge. The court might have given a charge to the effect that the jury could look to the other facts and circumstances in the case, with the confessions of the defendant, in order to determine whether or not the corpus delicti had been proven. See Kugadt v. State, 38 Texas Crim. Rep., 681. Aside from the confession of the defendant, M. A. Bradbury testified to the loss of the yearling under circumstances which strongly tended to show that it was stolen. Other witnesses circumstantially tend to connect defendant with the theft of that yearling. This testimony, in connection with the confessions, left no reasonable doubt of the theft of the yearling, and that defendant was the taker. There being no errors in the record, the judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.

### ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—This case was affirmed at a former day of this term, and now comes before us on motion for rehearing. Appellant urgently contends that this court erred in holding that the indictment on which appellant was convicted was a good and valid indictment. In construing the indictment in the original opinion, we rejected as surplusage the word "on," and held that "cattle" was a sufficient description of the character of property; that is, we held that an indictment which charged "that defendant fraudulently did take, from the possession of M. A. Bradbury, cattle, the same being the corporeal personal property of the said Bradbury, without the consent of the said Bradbury, and with the intent to deprive the owner of the value of the same, and to appropriate it to the use and benefit of him, the said D. L. Matthews," etc., sufficiently described the stolen property. In arriving at that decision, we held that "cattle was either singular or plural, and, as we construed it in the indictment, meant one head of cattle. Since our attention has been more particularly called to this allegation, it occurs to

us that we were wrong in that construction. If, as defined in diction-
aries, "cattle" may be either singular or plural, still there is nothing
in this indictment to show whether the pleader meant it in the singular
or plural sense; that is, the indictment as to the number of cattle charged
to have been stolen is uncertain and ambiguous. Our authorities have
gone beyond the common law (and the same is true as far as the re-
ported cases of any of the States have come under our observation) in
holding that a general description of stolen property is sufficient. And
a number of authorities in this State can be cited showing that, in indict-
ments for theft of cattle, a general description of the cattle stolen has
been upheld; as beef cattle, one head of neat cattle, etc. See section 1544,
under article 882, White's Annotated Penal Code. And it has been held
that an indictment charging theft of a certain number of cattle is suffi-
cient. We take it that the courts have felt justified in authorizing this
general method of pleading, under our statutes, which appears to treat
cattle as meaning the bovine species; as it makes theft of horses, asses,
mules, cattle, hogs, sheep, and goats, distinct offenses, naming each char-
acter or species of cattle. But we know of no case in this State that
holds an indictment sufficient which does not in some way designate the
number of things or animals alleged to have been stolen; and we hold
that, if any case could be found, it would not be supported by authority.
Mr. Bishop says: "It is not allowable to aver generally that a defendant
stole the goods and chattels of J. S., without specifying them. As to
the minuteness of the specifications, it is sufficient if the goods be de-
scribed with certainty as to their nature, quantity, or number, value, and
ownership." 1 Bish. Crim. Proc., sec. 575. He further states that
"Mr. Starkie deems it generally necessary to ascertain the quantity by
an averment of magnitude, weight, or number." Id., sec. 577. This
learned author further gives a number of descriptions in indictments of
the things stolen which have been held good by courts; but it will be
observed that in each of the illustrations given by him, which have so
been held good, the thing alleged to have been stolen is sufficiently in-
dividualized by its number, weight, etc. 2 Bish. Crim. Proc., secs. 700,
702-704. We accordingly hold that the use of the term "cattle" is in-
sufficient. The indictment should have alleged at least the number of
cattle charged to have been stolen. Of course, under such an indictment,
the State might prove the number alleged, or a less number: but some
number should be stated in the indictment. Under the indictment in
question, appellant could not tell whether he was charged with stealing
one or one thousand head of cattle. We would further suggest in this
connection that we would not be understood as even commending this
general character of pleading, but that some further description of the
cattle should be set out in the indictment. Something descriptive of
the gender or character of the cattle charged to have been stolen should
be given in order to put the appellant on notice of the particular
property he is charged to have stolen, and in order that he be put upon

trial for the very offense for which he was indicted by the grand jury. The motion for rehearing is granted, and, because the indictment in this case is insufficient, the judgment is reversed and the prosecution ordered dismissed.

*Rehearing granted, and reversed and dismissed.*