### RAYMOND KNAUF V. THE STATE.

No. 11225.   Delivered December 14, 1927.

**1.—Sale of Intoxicating Liquors—Selection of Jury—By Order of Court— Proper.**

Where there were not sufficient numbers of the regular panel present, appellant desiring to plead guilty, additional talesmen were summoned by the sheriff under the direction of the court. This was proper.

**2.—Same—Objection to Jury—After Verdict—Comes Too Late.**

Where appellant raised no objection to the jury until after verdict, his complaint comes too late. The accused cannot take his chances on a jury reaching a favorable verdict, and later complain if the verdict is displeasing. His objections must be raised before the jury is accepted by him.

Appeal from the District Court of Donley County. Tried below before the Hon. C. C. Small, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*R. H. Beville* of Clarendon, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Upon a plea of guilty appellant was convicted of selling intoxicating liquor and his punishment assessed at one year in the penitentiary.

He made application for suspended sentence, which being denied, he sought a new trial, and upon its refusal now asks this court to review the record.

In his motion for new trial appellant complains that he was tried by a "picked up" jury. The court explains that only a few of the regular jurors were available and that the jurors who tried appellant were properly summoned by the sheriff under the direction of the court. Appellant made no objection to the jury until after his conviction. It was then too late. Accused cannot take his chances on a jury reaching a verdict satisfactory to him and later complain if the verdict is displeasing. No error is shown in the court's action in securing the jury.

The indictment charged a joint sale to Claud Reese and Clifford Decker. It is contended that the proof shows a sale to Reese only, and that even upon a plea of guilty the testimony reveals that appellant is not guilty of the particular offense charged. We have examined the evidence heard upon the trial and in our opinion appellant's contention is not sound. It shows a joint sale to the parties named.

There is no merit in appellant's other bills of exception.

The judgment is affirmed.

*Affirmed.*