### J. F. MATHIS v. THE STATE.

No. 12591. Delivered May 22, 1929.
On motion to reinstate, delivered June 12, 1929.

The opinion states the case.

*John F. Weeks* of Odessa, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is swindling, a misdemeanor; the punishment a fine of $75.00 and confinement in jail for thirty days.

It appears from the record that the term of court at which appellant was tried ended on the 22nd day of December, 1928. No notice of appeal appears to have been given or entered of record during said term of court. The only notice of appeal of record appears to have been given and entered of record on the 1st day of January, 1929, approximately eight days after the adjournment of the term at which appellant was tried. Article 827 C. C. P., among other things, provides that an appeal is taken "by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record." Article 826 C. C. P. provides that an appeal may be taken "at any time during the term of court at which the conviction was had." Having failed to give notice of appeal during the term, appellant forfeited his right to appeal. Clark v. State, 3 Texas Appeals, 338; Morse v. State, 47 S. W. 645; Wilcox v. State, 31 Texas, 586; Offield v. State, 135 S. W. 566. This court is without jurisdiction in the absence of proper notice of appeal. Davidson v. State, 285 S. W. 831.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION TO RE-INSTATE APPEAL.

LATTIMORE, JUDGE.—At a former day of this term this appeal was dismissed because of a defective caption which did not show the ending of the term of court. This defect has been remedied, the dismissal is set aside, the appeal reinstated, and the case will be considered on its merits.

The information in this case is as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS.

"I, Jno. L. Fowler, County Attorney of Ector County, in said State, at the October Term, A. D. 1928, of the County Court of

said County, on the written affidavit of Walter Bates, a competent and credible person herewith filed, do, in said Court, present, that in the County of Ector, in the State of Texas, on or about the 25th day of September, A. D. 1928, one J. F. Mathis did then and there unlawfully by fraudulent pretenses and devices obtained credit and groceries of the value of thirty-four and 25/100 Dollars, then and there being the property of the Odessa Mercantile Company, and then and there failed, refused and neglected to pay for the same, with the fraudulent intent then and there to deprive the said Odessa Mercantile Company of the value of the same and to convert the same to his own use and benefit, contrary to the statutes in such cases made and provided and against the peace and dignity of the State.                                        Jno. L. Fowler,

County Attorney of Ector County, Texas."

That the above is fundamentally defective, is clear. Such information or indictment must set out in extenso the false pretense or* device by means of which the property was obtained. It is not enough to say that such injured party was deprived of his property by means of false pretense, etc. Such pretense used or made must be so set out in the indictment as that its nature and substance can be known from the averment.

There is in this information no direct averment that the false pretense was untrue. Levi v. State, 41 Tex. 563. There is no allegation that the accused knew the pretense, etc., to be false when he made same. Doxey v. State, 47 Texas Crim. Rep. 506. It is not stated to whom the false pretenses, etc., were made. Hunter v. State, 46 Texas Crim. Rep. 505. The information alleges that the injured party was the Odessa Mercantile Company, but omits to state whether same is a corporation, firm, partnership or individual. Nasets v. State, 32 S. W. Rep. 698; Faulk v. State, 38 Texas Crim. Rep. 78. There is no description of the property obtained by appellant save as "Credit and groceries of the value of $34.25." This is not enough. All the authorities hold that the rules in theft cases as to the description of property in an indictment apply in swindling cases. There is no averment that reliance was placed upon the false pretenses, etc., or that by means thereof property was acquired by the accused. Ervin v. State, 11 Texas Crim. App. 537; Curtis v. State, 31 Texas Crim. Rep. 39. Nor is there allegation of the delivery of the property to appellant. Lutton v. State, 14 Texas Crim. App. 523. This much for the pleading.

We note also that the charge of the court fails to include the presumption of innocence, or to instruct the jury that unless they believe the accused guilty beyond a reasonable doubt, they should acquit.

The above errors lead us to the belief that the conviction cannot be upheld. The judgment will be reversed, and for the insufficiency of the complaint and information, the prosecution will be dismissed.

*Reversed and dismissed.*