LEON TRIGG v. THE STATE.

No. 13795.   Delivered January 21, 1931.

The opinion states the case.

*Killough & Dotson,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, swindling; punishment, thirty days in jail.

The information in this case is as follows:

"In the name and by the Authority of the State of Texas:

"I, M. G. Poteet, assistant County Attorney of the County of Wilbarger, State aforesaid, in behalf of said State, presents in the County Court of said County, at the February Term, 1930, of said Court that Leon Triggs on or about the 21st day of Sept. A. D. 1929, and before the making and filing of this Information, in the County of Wilbarger, State of Texas, devising and intending to unlawfully acquire property, to-wit:

"Groceries, the amount and kind unknown, and the balance in cash of the value of Fifteen and 8/100 dollars, did then and there with intent to defraud, obtain said property, the same then and there being the personal property of C. Pollan with the further intent to appropriate the same when so acquired to the use of him, the aforesaid defendant, and the same so obtained from said owner by the aforesaid defendant by the means of giving and drawing a certain check of the tenor following:

"Vernon, Texas, 9-21-1929.
"The First State Bank            88-286
"Pay to the order of Pollan Gro.   $15.08
"Fifteen Dollas 8/cents   Dollars.
                          "Leon Triggs

and which check was then and there so given and drawn by the aforesaid defendant and the aforesaid defendant did then and there deliver said check to said owner in exchange for said property which was then and there delivered to the aforesaid defendant by said owner, and said owner did then and there part with the title and possession of said property to the aforesaid defendant in consideration of the said delivery of said check. Whereas, in truth and in fact the aforesaid defendant at the time of so giving and drawing said check did not have with said bank sufficient funds to pay said check and then and there had no good reason to believe that said check would be paid by said bank when the same would be, in the ordinary course of business presented to said bank for payment, and the said check was, in due course of business, presented to said bank, and payment of the same was refused for want of sufficient funds of said drawer, and more than fifteen days have elapsed since presentation was made, and the maker still fails and refuses to make the said check good, contrary to the statutes in such cases made and provided and against the peace and dignity of the State."

The appellant, before announcing ready for trial, filed a motion in writing to quash the complaint and information. Among other grounds alleged in said motion to quash said complaint and information was the following:

"The complaint and the information are defective and insufficient in this: the property alleged to have been secured by the defendant fraudulently is not sufficiently described to enable same to be identified and distinguished from other property of like kind and is not sufficiently described as to show that said property had any value and it does not show the amount of such property alleged to have been fraudulently secured by the defendant and said allegations in both the complaint and information are insufficient to put this defendant upon notice of what he is charged with fraudulently securing the possession of and of what the evidence will be introduced against him in this case and said complaint and said information for that reason does not charge any offense against the laws of the State of Texas."

The failure of the court to quash said information was duly excepted to, as shown by appellant's bill of exception No. 1, and was also raised in appellant's motion for new trial.

There is in this information no description of the property alleged to have been obtained by appellant save that the same is described as "Groceries, the amount and kind unknown, and the balance in cash of the value of Fifteen and 8/100 dollars". There is no amount stated as to the value of the groceries or any description of the same except "Groceries, the amount and kind unknown". There is also no allegation as to the amount of cash alleged to have been obtained by appellant. These allegations would not be sufficient in a case of theft and under

the authorities the rule in theft cases as to the description of the property in an indictment or information applies in swindling cases. Mathis v. State, 113 Texas Crim. Rep., 164, 18 S. W. (2d) 920. In that case the appellant was charged with swindling and the property alleged to have been obtained by him was described as "credit and groceries of the value of thirty-four and 25/100 dollars". This allegation was held insufficient as to the description of the property obtained.

The appellant's motion to quash the complaint and information for insufficiency of the description of the property alleged to have been obtained by him should have been sustained. For the insufficiency of the complaint and information, the judgment is reversed and the prosecution dismissed.

*Reserved and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.