## AL SCOTT v. THE STATE.

No. 16165.   Delivered January 17, 1934.
State's Rehearing Denied February 21, 1934.
Reported in 67 S. W. (2d) 1040.

The opinion states the case.

*Hill Stewart,* of Lubbock, for appellant.

*G. H. Nelson,* Dist. Atty., of Tahoka, and *Lloyd W. Davidson,* State's Atty., of Austin, for the State.

### ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of embezzlement, and his punishment assessed at confinement in the state penitentiary for a term of two years.

This case was before this court at a former day and in considering appellant's motion for rehearing our attention has been drawn to the insufficiency of the indictment. The indictment charged embezzlement of "certain lubricating oil" but nowhere sets up the number of tanks, gallons, quarts or other description of the quantity or the kind of oil so taken. Article 403, C. C. P., makes it necessary in an indictment for theft, etc., which would include embezzlement, that the property taken shall be described by "name, kind, quality, number, and ownership if known." The state's testimony discloses the fact that from the audit made of the warehouse in which the oil in question was located soon after its alleged loss, it was ascertained that approximately two hundred gallons of lubricating oil was taken, but no such allegation appeared in the indictment. The indictment failing to give a more accurate or better description of the property taken, we think is wholly insufficient under article 403, C. C. P., and the opinion in the case of Luce v. State, 88 Texas Crim. Rep., 46. We therefore hold that the indictment is fatally defective.

In view of the possibility of another indictment in this case, we desire to call attention to the fact that the oil taken was alleged to be lubricating oil but that no witness to the taking described the oil as lubricating oil, which raises a serious question as to a variance between the allegation and the proof.

Wherefore, the appellant's motion for rehearing is granted, the former opinion withdrawn, and the judgment of the trial court reversed and the prosecuton ordered dismissed.

*Judgment reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state, through the District Attorney of Lynn County, has filed a motion for rehearing urging that we were in error in holding the indictment bad for insufficient description of the alleged stolen property. No authority is cited in support of his proposition but his argument is persuasive. However, we regard the case of Luce v. State, 88 Texas Crim. Rep., 46, as decisive of the question.

The motion for rehearing is overruled.

*Overruled.*