## O. L. HOWK V. THE STATE.

No. 20,722. Delivered January 17, 1940.

The opinion states the case.

*Jack Flock,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

In a trial before the court appellant was convicted of swindling by means of giving a check to one Katherine Stovak, when he had no funds in the bank on which the check was drawn at the time of giving such check, etc.

In the outset of this case we are met with a motion to quash the complaint and information because of the following portion thereof:

"That she has good reason to believe and does believe that heretofore, to-wit: on or about the 12th day of June A. D. 1938, and before the making and filing of this complaint, in the County of Leon and State of Texas, O. L. Howk did then and there unlawfully and fraudulently, and by the use of false and deceitful pretenses and devices and fraudulent representations, acquire from the possession of Cresent Cafe, owned by Katherine Stovak certain corporeal personal property belonging to the said Katherine Stovak, to-wit: personal property of the value of Six Dollars, with the intent to deprive the said Katherine Stovak of the value thereof," etc.

It is our opinion that "personal property of the value of six dollars" is too general an allegation to apprise appellant of the charge against him. It would include any and all kinds of property to that value, except real estate.

Art. 403, C. C. P., reads: "When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient, * *."

In Luce v. State, 224 S. W. Rep. 1095. we held, in substance, that allegations of like import to the instant case should be direct and positive, and as nearly as possible should describe the personal property, not merely classify it as such. The description herein given is as wide as it could possibly be, the statute being based only upon the unlawful acquisition of personal property.

In the case of Scott v. State, 67 S. W. (2d) 1040, we held an indictment fatally defective that merely described the property acquired by the alleged swindle as "certain lubricating oil."

It is plain, also, that the pleader knew that the property so acquired was six dollars in money, and therefore could have so said in this complaint and information. This would have been in accord with good pleading, and we think a failure to so allege should result in a dismissal of this prosecution.

In the event of another trial hereof we think there should be some proof made as to whether there were sufficient funds in the bank upon which this check was drawn to have paid the same, etc., at the time of its passing. See Fortune v. State, 66 S. W. (2d) 304, also Baker v. State, 82 S. W. (2d) 677.

We also think there should have been some showing of the loss of the check complained of as the basis of this swindle, or its absence satisfactorily accounted for, before secondary evidence could be resorted to in order to prove its contents.

The judgment is reversed and the prosecution ordered dismissed.