GEORGE RHYNE V. THE STATE.

No. 21618. Delivered May 28, 1941.

The opinion states the case.

*Dabney & Dabney,* of Eastland, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a case of driving an automobile upon a public highway while intoxicated, and as a second offender, under the provisions of Art. 62, P. C.; the punishment, two years in the State penitentiary.

Whether the appellant was intoxicated at the time he operated the automobile on a public highway was the disputed issue of fact. The State's witnesses affirmed; those of the appellant denied. The appellant did not testify.

In submitting the case, the trial court instructed the jury as follows:

"Now therefore, if you find and believe from the evidence beyond a reasonable doubt that the defendant George Rhyne, on or about the 10th day of March, 1940, in Eastland County, Texas, while he the said George Rhyne was then and there in any degree under the influence of intoxicating liquor, you will find the defendant guilty and assess his punishment at confinement in the penitentiary for not more than two years, or by confinement in jail for not less than five days nor more than ninety days, and by fine of not less than $50 nor more than $500."

Such charge is fundamentally defective in that it does not require the jury to find the existence of any constituent element of the offense charged. In fact, it does not require that the jury find that appellant drove or operated an automobile in any event. Such a defect requires a reversal of the case.

In passing, we say that we feel sure the defect was the result of inadvertence and mistake on the part of the trial court, but this court is bound by the record as made and certified to us.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.