William L. Scarborough, Corpus Christi, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

This is a conviction for felony theft; the punishment, two years in the penitentiary.

The property alleged to have been stolen is described in the indictment as "oil field equipment of the value of over $50.00."

It is insisted that such an allegation is so general as to be vague, indefinite, and uncertain, and therefore fails to allege the theft of any specific property.

In Howk v. State, 138 Tex.Cr.R. 275, 135 S.W.2d 719, we held insufficient an allegation describing the property taken as "personal property of the value of six dollars". Likewise, in Scott v. State, 125 Tex.Cr.R. 396, 67 S.W.2d 1040, we held insufficient an allegation describing the property as "certain lubricating oil". See, also, Luce v. State, 88 Tex.Cr.R. 46, 224 S.W. 1095, 1096, where the term, "furniture and equipment," was held insufficient to describe the property taken.

We are unable to see where the term, "oil field equipment," as here used, is more definite or certain than in the cases cited.

It follows that the indictment is fatally defective in the particular mentioned.

The judgment is reversed and prosecution ordered dismissed.

Opinion approved by the Court.

## PIERCE v. STATE.

### No. 25167.

Court of Criminal Appeals of Texas.

Feb. 28, 1951.

818

No attorney on appeal.

George P. Blackburn, State's Atty., Austin, for the State.

DAVIDSON, Commissioner.

Upon his plea of guilty before the court to the felony offense of receiving and concealing corporeal personal property appellant was convicted and assessed punishment at four years in the penitentiary.

The record before us contains neither bills of exception nor a statement of facts. Nothing is presented for review.

The judgment is affirmed.

Opinion approved by the court.