Mary DONAHOO, Appellant,

v.

The STATE of Texas, Appellee.

No. 27863.

Court of Criminal Appeals of Texas.

Nov. 30, 1955.

Rehearing Denied Jan. 18, 1956.

Burks & Brown, Lubbock, for appellant on rehearing only.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

 This is a conviction for a violation of the so-called hot check law, art. 567b, Vernon's P.C., with punishment assessed at a fine of $300 and confinement in jail for one year and one day.

The record is before us without a statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.

On Motion for Rehearing.

MORRISON, Presiding Judge.

For the first time on motion for rehearing, we have been furnished with a very comprehensive brief in which the constitutionality of Article 567b, V.A.P.C. (giving check, draft or order without sufficient funds) is attacked section by section. The constitutionality of the presumptions created by the statute are particularly challenged.

 While it is true that an accused may at any stage of the proceedings against him attack the constitutionality of a statute under which he has been convicted, we do hold that it is incumbent upon him to show that he was convicted under that portion of the statute the constitutionality of which he questions. Otherwise, we would be writing a declaratory judgment. Since we have been furnished with no statement of facts, we have no way of knowing that any of the presumptions set forth in the statute were relied upon in this prosecution.

 The appellant next complains that the complaint and information are insufficient to support a judgment. No motion to quash the information is found in the record. Reliance is had upon Mathis v. State, 113 Tex.Cr.R. 164, 18 S.W.2d 920. In that case this Court held that an information was fatally defective because (1) it did not set forth the false pretenses by means of which the property was obtained, (2) it did not allege that the false pretense was untrue, and (3) it did not describe the property acquired with certainty. So far as we can determine, this is the only case which could be construed as holding that the failure to describe the property acquired with definiteness and certainty may be asserted as a grounds for reversal when raised for the first time on appeal. In Trigg v. State, 117 Tex.Cr.R. 536, 34 S.W. 2d 878, we pointed out that such a question was one properly raised by a motion to quash. We are not inclined to extend the rule in the Mathis case and hold that this one defect alone is fundamental error. Unlike the offenses of theft and swindling, the amount of the check and not the value of property acquired determines the punishment applicable to the offense defined by Article 567b, V.A.P.C.

 Appellant contends that the information is fatally defective because it does not contain innuendo averments as to who was meant by "Pig No. 7" named as payee in the check. This, too, we conclude is a matter that should have been raised by motion to quash.

 Appellant further claims fundamental error on the court's charge. No objections or exceptions to the court's charge are found in the record. The only case relied upon by the appellant is Rhyne v. State, 142 Tex.Cr.R. 104, 151 S.W.2d 599. In that case the court's charge did not require that the jury find the accused guilty of any offense, whereas in the case at bar all the elements of the offense charged are contained in the court's charge. A question as to the discrepancy in the description of the property alleged to have been acquired should have been called to the court's attention by objection before the charge was submitted to the jury.

Appellant's motion for rehearing is overruled.