**Louis SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 52130, 52131.**

Court of Criminal Appeals of Texas.

Nov. 10, 1976.

Barry P. Helft, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, David C. Schick, Stewart Robinson, Jr., Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These are appeals from orders revoking probation. Appellant was convicted on December 23, 1974, of theft of property of the value of $200 or more but less than $10,000, and theft of service of the value of $200 or more but less than $10,000. In both convictions punishment was assessed at two (2) years' confinement, but the imposition of sentence in each case was suspended and the appellant was placed on probation, subject to certain conditions, including that the appellant:

> "(a) Commit no offense against the laws of this or any other State or the United States."

On February 27, 1975, the State filed a motion to revoke the probation granted in both cases, alleging that the probationer had committed burglary with intent to commit theft on February 25, 1975, violating this condition. Appellant was found to be indigent and counsel was appointed. As the motions to revoke probation alleged an identical violation in both cases, a consolidated hearing on the revocation motions was held on April 16, 1975, following which appellant's probation was revoked in each case.

When the appeals were first considered by this court, the appeals were dismissed because notices of appeal were not timely given within ten days as required by Article 44.08(c), Vernon's Ann.C.C.P., and good cause was not reflected so as to permit the giving of a belated notice of appeal. A supplemental transcription has now been filed which reflects good cause for the belated giving of notice of appeal in each case

and the appeals are reinstated. *Abron v. State*, 531 S.W.2d 643 (Tex.Cr.App.1976); *Chappell v. State*, 519 S.W.2d 452 (Tex.Cr. App.1974).

The basis for the revocation in both cases was for the commission of a burglary on February 25, 1975, in Garland. Appellant was convicted for that offense, but on appeal in *Scott v. State* (Tex.Cr.App. No. 52,137, Oct. 20, 1976), the conviction was set aside because of the admission of evidence obtained as a result of an improper search and seizure.

■ It is observed that at the hearing on the motions to revoke the trial judge stated that he would take judicial notice of the evidence heard on the burglary trial before him, wherein the appellant was represented by the same counsel as at the revocation hearing. When the trial judge inquired if there was any objection to the receipt of such evidence, appellant's counsel stated, "No, your Honor." There was no objection to the receipt of such evidence on the basis that it was obtained as a result of an improper search and seizure. Thus appellant waived any question that the evidence should not be considered at the revocation hearing because of Fourth Amendment violations. Cf. *Tamez v. State*, 534 S.W.2d 686 (Tex.Cr.App.1976).

■ In Cause # 52,131 appellant's appointed counsel on appeal has filed an appellate brief in which he contends the appeal is frivolous and without merit. While he did not advance any arguable grounds to support the appeal, he did make a careful evaluation of the record to demonstrate why he was unable to do so. Such is a sufficient compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). See *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974). It appears that a copy of the brief has been delivered to the appellant, who was advised of his right to examine the appellate record and to file a pro se brief.

■ We have examined the record and conclude that the appeal is frivolous and

without merit. We do observe that appellant raised the search and seizure question in his pro se brief filed in the trial court, but since the evidence was admitted without objection no error is presented.

In Cause # 52,130 appellant's counsel urges that the indictment for theft of services upon which appellant was originally convicted is fundamentally defective and that even if this is an appeal from an order revoking probation he has the right to raise the issue of a fundamentally defective indictment. See *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975).

He complains that the indictment merely described the service allegedly stolen as "auto alterations" and does not adequately describe the service taken.

Omitting the formal parts, the indictment alleged the appellant on or about August 8, 1974, in Dallas County "did then and there unlawfully with intent to avoid payment for auto alterations, service that he knew was provided by Jerry Hutchins, only for compensation, intentionally and knowingly secure performance of said service of the value of $200.00 or more but less than $10,-000.00, by deception, threat and false token and absconded without paying for the service."

There was no motion to quash the indictment.

■ While the indictment is certainly no model, it is clear that where no motion to quash is filed only such defects as would render the indictment insufficient to support the conviction could be considered after judgment. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr. App.1974).

■ We do not conclude that the indictment was fundamentally defective.

The judgments are affirmed.