**Alford RHODES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56119.**

Court of Criminal Appeals of Texas.

En Banc.

Jan. 18, 1978.

Appellant's Motion for Rehearing Denied Feb. 8, 1978.

---

666 ■

Holt, Tatum & Meehan, Nacogdoches, for appellant.

Herbert B. Hancock, Dist. Atty., Nacogdoches, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order revoking probation.

On February 5, 1974, appellant waived his right to trial by jury and entered a plea of guilty before the court to an indictment which charged him with the offense of theft of corporeal personal property of the value of over Fifty Dollars ($50.00), a violation of Articles 1410 and 1421, Vernon's Ann.P.C. (1925). Punishment was assessed at imprisonment for five (5) years; however, the imposition of sentence was suspended and appellant was placed on probation. A judgment was entered reciting that appellant "pleaded guilty to the offense charged in the indictment," and that it was "ORDERED, ADJUDGED, and DECREED by the Court that the defendant is guilty as charged in the indictment in this cause and as confessed by the Defendant in the plea of guilty herein made," etc.

On March 1, 1977, the State filed a motion to revoke appellant's probation. That

motion alleged that appellant had violated his probation in that, on or about February 25, 1977, he unlawfully drove and operated a motor vehicle on a public road and highway while he was intoxicated and under the influence of intoxicating liquor.

On March 24, 1977, the trial court, after a hearing, revoked appellant's probation, finding that he had violated his probation in the manner alleged in the State's motion to revoke. On the same date the trial court, with all parties being present, entered an order correcting the original judgment nunc pro tunc to reflect that appellant had been convicted of the offense of "theft of property of the value of fifty dollars or more."

On this appeal appellant does not challenge the trial court's finding that appellant violated his probation in the manner alleged. However, he does contend that the trial court abused its discretion in revoking his probation for the reason that the original judgment of conviction did not recite whether appellant was convicted of felony theft or misdemeanor theft; that the defect in the original judgment was fundamental and could not be corrected by a nunc pro tunc entry as attempted by the court; and, that the trial court abused its discretion "by permitting revocation even if a nunc pro tunc hearing was permitted for the reason that such correction occurred after the date of the alleged violation and such judgment would only be valid from the date of the correction if the court had such authority to correct." We overrule these contentions.

The case of *Hughes v. State*, 493 S.W.2d 166 (Tex.Cr.App.1973), is dispositive of appellant's contentions. There we stated:

"The indictment may be considered in construing the judgment and sentence in order to determine the offense for which an accused is convicted. The judgment may be reformed so as to show the offense of which the accused was found guilty by the court and jury. *Ex parte*

*King*, 156 Tex.Cr.R. 231, 240 S.W.2d 777; *Beebe v. State*, 99 Tex.Cr.R. 638, 271 S.W. 97.

"A judgment or sentence containing an irregularity which may be reformed on appeal or by nunc pro tunc entry is not void, and may not be collaterally attacked. *Barker v. State*, 169 Tex.Cr.R. 277, 334 S.W.2d 182; *Ex parte King*, supra."

■ The indictment in the instant case charged appellant with the offense of theft of corporeal personal property of the value of over fifty dollars. The original judgment of conviction recited that appellant had been found guilty "as charged in the indictment." Considering the indictment in construing the original judgment in this cause, we find it adequate to show that appellant was convicted of the offense of theft of corporeal personal property of over fifty dollars. No reversible error is shown.

We next consider as unassigned error in the interest of justice under Art. 40.09(13), Vernon's Ann.C.C.P., the question of the sufficiency of the original indictment. The indictment alleged that the property stolen was "wall paneling of the value of over Fifty ($50.00) Dollars." Appellant did not attack the indictment in the trial court in any manner, nor does he question the sufficiency of the indictment in this Court.

Prior to amendment in 1975, Article 21.09 Vernon's Ann.C.C.P., provided:

"When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient. . . ."[1]

In *Willis v. State*, 544 S.W.2d 150 (Tex.Cr. App.1976), we held that a theft indictment which was drawn under V.T.C.A., Penal Code Sec. 31.03, was fundamentally defective because it described the property allegedly stolen only as "merchandise." We turn first to the cases cited in *Willis* as authority.

---

1. Effective June 19, 1975, this statute was amended to read:

"If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is un-

known, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice. . . ."

In *Moore v. State*, 532 S.W.2d 333 (Tex. Cr.App.1976), the description of stolen property in a theft indictment as "barbed wire" was held insufficient. It should be noted, however, that in *Moore* the trial court had overruled a motion to quash.[2] Likewise, in *Moore v. State*, 473 S.W.2d 523 (Tex.Cr. App.1971), it was held that an indictment, which alleged that the defendant stole "tires of the value of over $50.00," was "fundamentally" defective *and* that the trial court erred in overruling a motion to quash.

In *Oakley v. State*, 167 Tex.Cr.R. 630, 323 S.W.2d 43 (1959), a theft indictment alleged the stolen property to be "seed of the value in excess of $50." On original submission the Court noted that there was no motion to quash the indictment and stated that "the failure to describe the seed alleged in the indictment is not of such nature as

would require a reversal when raised for the first time on appeal." [3] On appellant's second motion for rehearing it was concluded that the description of the property contained in the indictment was insufficient to meet the requirements of Article 403 (now Article 21.09), V.A.C.C.P.[4]

In *Leos v. State*, 155 Tex.Cr.R. 478, 236 S.W.2d 817 (1951), a theft indictment described the stolen property as "oil field equipment of the value of over $50.00." This description was held to be "fatally" defective.[5]

*Howk v. State*, 138 Tex.Cr.R. 275, 135 S.W.2d 719 (1940), involved a complaint and information for swindling. There the property was described as "personal property of the value of six dollars." This Court held the pleadings defective; however, the opinion does note a motion to quash those pleadings.[6]

**2.** *Moore* should be compared with *Scott v. State*, 543 S.W.2d 128 (Tex.Cr.App.1976). In *Scott*, a theft of service indictment which described the *service* allegedly stolen as "auto alterations" was held not to be fundamentally defective. Citing *American Plant Food Corp. v. State*, Tex.Cr.App., 508 S.W.2d 598, the Court noted that no motion to quash the indictment had been filed.

**3.** One of the cases cited in support of the position taken on original submission was *Donahoo v. State*, 162 Tex.Cr.R. 388, 285 S.W.2d 952 (1956). In *Donahoo* the Court stated:

"The appellant next complains that the complaint and information are insufficient to support a judgment. No motion to quash the information is found in the record. Reliance is had upon *Mathis v. State*, 113 Tex.Cr.R. 164, 18 S.W.2d 920. In that case this Court held that an information was fatally defective because (1) it did not set forth the false pretenses by means of which the property was obtained, (2) it did not allege that the false pretense was untrue, and (3) it did not describe the property acquired with certainty. So far as we can determine this is the only case which could be construed as holding that the failure to describe the property acquired with definiteness and certainty may be asserted as a grounds for reversal when raised for the first time on appeal. In *Trigg v. State*, 117 Tex.Cr.R. 536, 34 S.W.2d 878, we pointed out that such a question was one properly raised by a motion to quash. We are not inclined to extend the rule in the *Mathis* case and hold that this one defect alone is fundamental error. Unlike the of-

fenses of theft and swindling, the amount of the check and not the value of property acquired determines the punishment applicable to the offense defined by Article 567b, V.A.P. C."

In *Trigg*, the Court held that the trial court erred in overruling a motion to quash an information that described property as "Groceries, the amount and kind unknown, and the balance in cash of the value of Fifteen and 8/100 dollars."

**4.** The author of the opinion on rehearing stated that the case of *Crawford v. State*, 165 Tex. Cr.R. 147, 305 S.W.2d 362 (1957), caused him "great concern." The description in *Crawford* was "two inch upset tubing." The opinion notes a motion to quash, but stated:

"We find no bill of exception to the form of the indictment in the record, and the transcript shows no exception to the overruling of the motion to quash, which, under Article 760e, Vernon's Ann.C.C.P., is requisite to authorize this Court to consider the question without a bill of exception."

**5.** Although the opinion of the Court does not so state, an examination of the *Leos* record shows no pre-trial challenge to the sufficiency of the indictment. In fact, no brief was filed in the defendant's behalf. However, in its brief, the State confessed error.

**6.** The original papers in that cause reflect the following ruling on the motion to quash:

"Presented on the call of the above entitled and numbered cause, and by the Court overruled."

In the case of *Scott v. State*, 125 Tex. Cr.R. 396, 67 S.W.2d 1040 (1934), an embezzlement indictment was held "fatally" defective. There the indictment described the property as "certain lubricating oil." However, no mention was made as to whether the indictment was challenged prior to trial.[7]

*Luce v. State*, 88 Tex.Cr.R. 46, 224 S.W. 1095 (1920), involved a swindling indictment. Although the indictment was said to contain a "fatal" defect on other grounds, the Court did hold that, "against a motion to quash," property described as "the furniture and equipment" was insufficient.[8] The Court cited with approval the case of *Mathews v. State*, 39 Tex.Cr.R. 553, 48 S.W. 189 (1898).[9]

*Mathews* was a conviction for cattle theft that was reversed on motion for rehearing. On original submission, *Mathews v. State*, 39 Tex.Cr.R. 553, 47 S.W. 647 (1898), the conviction was affirmed over the defendant's contention that the indictment failed to allege an offense against the law and failed to allege the theft of any specific property from any person. The indictment charged appellant with the theft of "on cattle." Although the defendant did not challenge the indictment prior to trial, he did challenge it in a motion for new trial. This Court treated the word "on" as surplusage and held that the indictment was good as against a motion in arrest of judgment. On rehearing the Court held that

"cattle" was an insufficient description of the property and reversed. The Court stated:

"But we know of no case in this state that holds an indictment sufficient which does not in some way designate the number of things or animals alleged to have been stolen; and we hold that, if any case could be found, it would not be supported by authority."

Summarizing these cases decided under Art. 21.09, *supra*, and its prior enactments, we see that five were reversed because motions to quash were improperly overruled, five were reversed in the absence of a motion to quash for fundamental defects in the property descriptions, and one was affirmed.

Some of the statements from these cases quoted above suggest an inconsistency in the need for a motion to quash for a defect under Art. 21.09, *supra*. (Contrast *Oakley* on original submission, *Donahoo*, and *Crawford*, all supra, with *Mathews*, the early *Scott*, *Leos*, *Oakley* on second rehearing, and *Willis*, all supra.) An examination of Art. 21.09 in its context in the Code of Criminal Procedure may prove helpful in resolving this apparent inconsistency.

This article is one of several in Chapter 21 of the Code that provide rules for allegations of particular matters.[10] Other articles in that chapter express general requirements for alleging an offense.[11]

---

**7.** An examination of the original papers reveals no pre-trial challenge to the sufficiency of the indictment.

**8.** The swindling statutes quoted in *Luce* related to the acquisition of personal or movable property as opposed to real property. The opinion pointed out that the use of the term "furniture and equipment" indicated a distinction between the two and that the indictment furnished no data by which the court could determine whether the things designated were such as would be treated in law as fixtures or as movable property.

**9.** *Mathews* was not cited in *Willis*, but is cited in both *Moore* cases. The *Willis* opinion, as stated above, relied on both *Moore* cases.

**10.** See, e. g., arts. 21.05 (particular intent), 21.-06 (venue), 21.07 (names), 21.08 (ownership),

21.12 (purchaser in unlawful sale), 21.13 (act done with intent to commit another offense), 21.15 (recklessness and criminal negligence).

**11.** Art. 21.03:

"Everything should be stated in an indictment which is necessary to be proved."

Art. 21.04:

"The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."

Art. 21.11:

"An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense

The requisites of an indictment are listed in Art. 21.02, Vernon's Ann.C.C.P., number 7 of which provides, "The offense must be set forth in plain and intelligible words." In *American Plant Food Corp. v. State*, 508 S.W.2d 598, the Court considered the corresponding requisite for informations found in Art. 21.21(7), V.A.C.C.P. We find the holdings in that case with respect to informations and the need for a motion to quash are also applicable to indictments.

"If the charge alleges an offense was committed by the defendant, then it is sufficient in law to support a verdict of guilty if one be rendered thereon. If it does not so allege, then it is utterly insufficient and any conviction based thereon is void.[1] A void conviction may

"1. It will also be observed that any defect in the matters set forth in the other provisions of Article 27.08 [V.A.C.C.P.] also go to the very sufficiency of the indictment or information to support the particular conviction based thereon. It is this quality of the sufficiency of the State's pleading as a matter of law to support the conviction that makes the deficiency one of substance. [End of footnote.]

"be challenged at any time and thus an exception to the substance of the State's pleading, as set forth in Article 27.08, supra, may be raised for the first time on appeal." *American Plant Food*, supra, at 603.[12]

Regarding the specific requirements of requisite 7 (substantially the same for indictments under Art. 21.02, supra, as for informations under Art. 21.21), the court in *American Plant Food*, supra, recognized that a deficiency may be of substance under Art. 27.08(1), supra, or of form under Art. 27.09(2), according to the degree:

> with which he is charged, and enable the court, on conviction, to pronounce the proper judgment; . . ."
>
> Art. 21.17:
> "Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

"Unless the deficiency under Article 21.21(7) [or Art. 21.02(7)], supra, be of such a degree as to utterly fail to charge that an offense against the law was committed by the defendant (cf. Art. 27.08(1), supra), then it is objectionable only as to form and not as to substance." Id., at 602.

This matter of the degree of deficiency referred to in general terms in *American Plant Food* is equally appropriate regarding claimed deficiencies in the description of property under Art. 21.09, supra. This line of demarcation between defects of substance and those of form explains why some descriptions of property are fundamentally defective and others must be challenged by motion to quash. Of course, any inconsistencies on this point in cases decided before *American Plant Food*, supra, were resolved by our holding therein that objections to the indictment for failure to give notice, as contrasted with jurisdictional defects, must be raised by motion to quash.[13] An examination of the two cases decided after *American Plant Food* demonstrates proper application of these principles. These cases are *Willis v. State*, 544 S.W.2d 150 and *Moore v. State*, 532 S.W.2d 333.

In *Moore*, supra, we reversed because the trial court "erred in failing to grant the motions to quash the indictment" for felony theft in which the property was described as, "barbed wire of the value of over fifty dollars, the same then and there being the corporeal personal property of and belonging to Morris Peterson."

In *Willis*, supra, a theft indictment was held fundamentally defective in the absence of a motion to quash. The property was described simply as "merchandise."

12. For a discussion of the jurisdictional nature of such defects whereby the indictment is void, see *Ex parte Cannon*, Tex.Cr.App., 546 S.W.2d 266, 268, concurring opinion.

13. Regarding the use and purpose of a motion to quash, see *Drumm v. State*, —— S.W.2d —— (Tex.Cr.App.1977); *Day v. State*, Tex.Cr.App., 532 S.W.2d 302, 310, opinion on rehearing, at p. 315, n. 7.

"Merchandise" is so general and non-descriptive as to constitute no allegation of the property at all. It could as well have alleged merely "property." "Wall paneling" (alleged in the instant case) on the other hand, while not as detailed a description as is required by Art. 21.09, supra, is, nevertheless, sufficient to allege that element of theft for purposes of invoking the jurisdiction of the trial court. Thus, while subject to a motion to quash, it is not fundamentally defective. As in *American Plant Food*, supra, if found insufficient by the defendant to give him notice, it would be his duty to voice such objection by motion to quash. Compare, *Drumm v. State*, supra.

Automatic reversal is no more necessary to vindicate a complaint that an indictment does not comply with Article 21.09, supra, absent a timely and proper objection, than it is to review a search[14] or confession[15] question without objection. Moreover, the public and judicial economy suffer in such cases. When a defendant, charged by an indictment that alleges an offense against the law and is regular on its face, fails to challenge it prior to trial on the ground that it does not comply with Article 21.09, supra, it can safely be assumed that he found it to his satisfaction and knew what he was charged with. To hold otherwise would be to allow the defendant to "sand bag" the judicial process by remaining silent and not calling the Article 21.09, supra, defect to the trial court's attention, while hoping that jeopardy will bar subsequent prosecution by acquittal or otherwise. Then, if the verdict is adverse, courts would be forced to hold that the defendant had no notice under Article 21.09, supra, although he had previously voiced no such complaint. When this is contemplated it is not difficult to conceive of the judicial time wasted or the expense to the public. The law does not require such a result.

Consequently, we hold that a defect in the description of property under Art. 21.09, supra, must be raised by a motion to quash, and may not be raised for the first time on appeal, *unless* the description is so deficient as to be no description at all and to constitute a jurisdictional defect, as was the case in *Willis*, supra. The property description in the indictment in this case does not suffer from such a defect.

The judgment is affirmed.

ONION, P. J., concurs in the result. He would not reach the questions discussed as unassigned error.

ROBERTS, J., concurs in the result.

---

14. See *Scott v. State*, 543 S.W.2d 128 (Tex.Cr. App.1976).

15. See *Ex parte Bagley*, 509 S.W.2d 332 (Tex. Cr.App.1974). Cf. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594.