Donald Joseph ELLIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-81-0818-CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 23, 1982.

Discretionary Review Granted April 13, 1983.

[redacted]

[redacted]

[redacted]

[redacted]

---

Catherine Greene, Janet Seymour Morrow, Houston, for appellant.

Ray Speece, Houston, for appellee.

Before JACK SMITH, BASS and DYESS, JJ.

## OPINION

JACK SMITH, Justice.

The appellant seeks reversal from a jury conviction for two counts of aggravated robbery wherein his punishment was assessed at two concurrent terms of life imprisonment.

The evidence adduced at trial reveals that the appellant and another robbed two Jones' Apothecary Stores. The first robbery occurred on March 26, 1981, and the second on April 22, 1981. In each instance cash and drugs were taken.

Four employees of Jones Apothecary testified concerning the appellant's participation in the first robbery. The appellant presented two alibi witnesses who testified that they were in a business meeting with the appellant at the time the robbery occurred. The appellant testified in his own behalf and denied involvement in the robbery.

Two employees of Jones Apothecary testified concerning the appellant's participation in the second robbery. The appellant denied involvement in the second robbery and testified that he was seriously ill with infectious hepatitis during the month of April, 1981. The appellant's former wife corroborated the appellant's testimony concerning his illness.

The appellant also called his co-defendant, Charles Donald Ballard, as a witness. Ballard, out of the presence of the jury, invoked his Fifth Amendment Right. The appellant claimed surprise, but his motion to impeach his own witness in the presence of the jury was overruled.

Although the appellant does not attack the sufficiency of the evidence to support his conviction, he does assert four grounds of error which he alleges require a reversal of his conviction.

Initially, the appellant urges that it was error for the trial judge not to allow him to call his co-defendant, Ballard before the jury to assert his claim of Fifth Amendment protection against self-incrimination. While the appellant acknowledges that it is generally not error for the court to refuse to require a witness to invoke the Fifth Amendment before the jury, he asserts that there are two reasons for the inapplicability of the rule here. Those reasons are: (1) he was surprised by Ballard's refusal to testify, and (2) Ballard's invocation of the Fifth Amendment was pursuant to a plea bargaining agreement with the State, and the jury should have been informed of that fact.

[redacted] The appellant cites no authority for his contention that a claim of "surprise" will overcome the right to have a jury informed of a witness' invocation of Fifth Amendment rights. The record reveals that the appellant's attorney was of the opinion, after a conversation with Ballard, the witness, that Ballard would testify at the appellant's trial. Ballard denied that he

had ever made such a statement to the attorney. The trial court did not abuse it's discretion in overruling the appellant's claim of surprise.

■ The appellant's second contention presents the issue of whether a defendant may compel a witness to inform the jury of the witness's reasons for taking the Fifth Amendment.

Ordinarily, the explanation of a witness's motivation for testifying is an important function of the right of cross-examination. *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). However, it does not follow that the exposure of a witness's motivation for refusal to testify is an important function of the right of cross-examination. To permit such an exposure would create a direct conflict between the Fifth Amendment rights of a witness and the rights of compulsory process afforded a defendant. The privilege against self-incrimination is the superior right. *Whitmore v. State,* 570 S.W.2d 889 (Tex.Cr.App.1976). The appellant's first ground of error is overruled.

The appellant's second ground of error urges that the trial court improperly overruled the appellant's motion to strike the enhancement paragraphs. He asserts that his prior conviction was based on a fundamentally defective indictment. Although the appellant asserted at trial that both enhancement allegations were fundamentally defective, he now urges that only one of the enhancement paragraphs was fundamentally defective. He asserts that in cause No. 99647 the use of the term "clothing", in the indictment for theft, lacked specificity and failed to meet the requirements of Art. 21.02, § 7, Texas Code of Criminal Procedure.

This allegation by the appellant is a collateral attack upon an indictment under which the appellant had been convicted in 1962. There were no objections to the indictment at that trial, therefore our review must be limited to fundamental error.

■ Generally, unless the indictment fails to charge an offense against the law,

an objection to lack of notice of the offense charged may not be raised after the trial begins. *Ex parte Kirby,* 626 S.W.2d 533 (Tex.Cr.App.1981). Thus, a collateral attack is a proper manner to raise fundamental error in the present case.

■ We are of the opinion that *Rhodes v. State,* 560 S.W.2d 665, (Tex.Cr.App.1978), is dispositive of the appellant's contention that the enhancement paragraph was defective. *Rhodes,* held that an insufficient description is not a fundamental defect unless the description of the court does not attach. In *Rhodes,* the allegation of theft of "wall paneling" was said to be properly subject to a motion to quash; but the court held, that in the absence of a motion to quash, such description was not fundamentally defective. We hold that the description "clothing" was sufficient for the trial court's jurisdiction to attach and was not fundamentally defective. The appellant's second ground of error is overruled.

The appellant's third ground of error urges that the court's charge erroneously authorized the jury to assess a fine as part of the punishment, if they found that one or both of the enhancement allegations were untrue. This ground of error is specifically conditioned upon a reversal of the conviction, and requests this court to recognize non-reversible error in the trial court's charge if the appellant is to be retried. As no reversible error has been shown by the first two grounds of error, this ground of error is overruled.

■ In his last ground of error the appellant urges that the multiple use of the same prior conviction to enhance both of appellant's sentences was not a proper "subsequent use" under Texas Penal Code § 12.46. The appellant thus challenges the contemporaneous use of the same felony conviction to enhance punishment for his conviction in two counts of the same indictment. No objection to the court's contemporaneous use of the enhancement convictions was made at trial. The appellant concedes that the use of the enhancement convictions for only one count would have created one life

sentence rather than two concurrent life sentences, but urges that parole eligibility might be altered by having two concurrent life sentences. This is speculation, and we perceive no harm to the appellant. Furthermore, § 12.46, provides that the use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes. We assume that the appellant's contention is that it is permissible to use a prior conviction for enhancement purposes where there are separate indictments, but not permissible where two or more counts are contained in the same indictment. We perceive this to be a distinction without a difference and find no merit to the contention. To hold otherwise would defeat the purpose of § 12.46 and would result in a multitude of unnecessary trials. The recent decision of *Ex parte Mulchahey,* 621 S.W.2d 602 (Tex. Cr.App.1981) recognized that prior to the addition of § 12.46, case law had prohibited contemporaneous use of the same conviction for enhancement purposes. However, the wording of the court's ruling suggests that this would no longer be the law.

We hold that the use of a prior felony conviction to enhance each count of a two count indictment, alleging two separate aggravated robberies, is not an improper subsequent use of the prior conviction for enhancement purposes. The appellant's fourth ground of error is overruled and his convictions are affirmed.

DYESS, J., not participating in opinion.